UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 20-19

RANDY JONAL SCHENCK                         SECTION M (5)

## ORDER&REASONS

Before the Court is the motion *in limine* to exclude from trial any and all reference to the death of S.A.,[1] filed by defendant Randy Jonal Schenck. The United States of America (the "Government") responds in opposition.[2] Schenck replies in further support of his motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

**I.   BACKGROUND**

According to the indictment filed against him, Schenck developed a romantic relationship with Dominique Alaina Berry.[4] For approximately four years, Schenck allegedly arranged for, transported, and caused Berry to engage in commercial sex acts in various states and locations, using force, threats of force, fraud, and coercion.[5] Around January 2015, Schenck and Berry posted advertisements with photographs of Berry on multiple location-specific websites and social-media applications inviting interested individuals to contact her to schedule sexual interactions, many of which were explicitly commercial.[6] At a certain point, continues the

---

[1] R. Doc. 104.
[2] R. Doc. 105.
[3] R. Doc. 108.
[4] R. Doc. 27 at 2.
[5] *Id.* at 2-5, 9-10.
[6] *Id.* at 2.

1

indictment, Schenck developed a scheme to defraud individuals arranging sexual interactions with Berry.[7] Once Berry and one of these interested individuals were alone together in a residence or hotel room, Berry would place drugs into the individual's beverages, rendering him unconscious.[8] Schenck would then return to the residence or hotel room and, together with Berry, steal the individual's valuables, including firearms, electronics, cash, jewelry, and credit and debit cards.[9] One of the individuals the duo is alleged to have duped was S.A.[10] On or about February 24, 2017, at approximately 9:30 p.m., Schenck dropped Berry off at S.A.'s apartment.[11] Schenck returned to retrieve Berry at 2:00 a.m. the next morning.[12] Hours later, Schenck used S.A.'s debit and credit cards at various locations.[13] Later that afternoon, detectives, responding to a wellness check, found S.A. dead.[14]

A grand jury indicted Schenck, charging him in counts 1 through 6 with interstate transportation and use of an interstate facility with intent to carry on unlawful activity, in violation of 18 U.S.C. §§ 1952(a)(3) and 2; in counts 7 and 8 with wire fraud, in violation of 18 U.S.C. § 1343; in count 9 with sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(a)(2), 1591(b)(1), and 1594(a); in counts 10 and 11 with transportation of an individual to engage in prostitution, in violation of 18 U.S.C. § 2421; and in count 12 with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).[15] Schenck is not charged with

---

[7] *Id.* at 7.
[8] R. Doc. 105 at 2.
[9] *Id.* at 2.
[10] R. Doc. 27 at 4.
[11] *Id.*
[12] R. Doc. 105 at 2.
[13] R. Docs. 27 at 6; 105 at 2.
[14] R. Docs. 27 at 4; 105 at 2.
[15] R. Doc. 27.

causing S.A.'s death.[16]  And the Government requests that the Court not permit either party to introduce evidence or testimony at trial related to the cause of S.A.'s death.[17]

**II.    PENDING MOTION**

In his motion, Schenck contends that the facts and circumstances of S.A.'s death "are totally irrelevant and probative of nothing germane to the charges against him, and should be excluded."[18]  None of the charges against him includes an element of harm to or death of the victims, says Schenck.[19]  Yet, goes his argument, if the jury were to hear about S.A.'s death, it might be impelled to speculate that Schenck caused the death and "seek to punish him for doing so."[20]  The evidence must be excluded, Schenck concludes, lest his rights to due process and a fair trial be jeopardized.[21]

In opposition, the Government argues that "the fact and timing of S.A.'s death [are] inextricably intertwined with the facts undergirding Counts 7, 8, and 12" – the counts that charge Schenck with wire fraud and aggravated identity theft – and, therefore, constitute relevant and admissible intrinsic evidence.[22]  The Government contends that the fact and timing of S.A.'s death "provide significant circumstantial evidence regarding several of the elements of the charged offenses."[23]  The Government adds that if Schenck's request to preclude any information regarding S.A.'s death implicates Rule 7(d) of the Federal Rules of Criminal Procedure,[24] which requires a showing that superfluous language in an indictment is, *inter alia*, irrelevant, his request must be

---

[16] R. Doc. 105 at 11.
[17] *Id.*
[18] R. Doc. 104 at 9.
[19] *Id.* at 10.
[20] *Id.* at 10-11.
[21] *Id.* at 1, 4.
[22] R. Doc. 105 at 1, 9.
[23] *Id.* at 6.
[24] Only the Government addresses the question whether Schenck's request may implicate Rule 7(d).  Without the benefit of full argument on this question, the Court will not attempt to resolve it here.  Accordingly, Rule 7(d)'s applicability, if still an issue, must be addressed in a separate motion with adequate briefing.

3

denied for failure to meet this standard.[25]  Finally, the Government argues that, to the extent that there is any issue of potential prejudice, a curative instruction from the Court would resolve any such issue.[26]

In reply, Schenck reiterates that "evidence, testimony, and argument concerning the fact, timing, cause, and circumstances of the death of S.A. should be excluded from his trial as irrelevant, confusing, misleading, creating an undue delay or waste of time, and unfairly prejudicial to his rights to due process and a fair trial."[27]  He argues that "[t]here is no conceivable way" that his trial would be fair if the jury were "invited to speculate as to the cause and circumstances of the death of S.A."[28]  Therefore, Schenck contends that the evidence must be excluded.[29]

## III. LAW & ANALYSIS

### A. Relevant Evidence and Rule 403

"'The essential prerequisite of admissibility is relevance.'" *Jones v. Cannizzaro*, 2021 WL 217282, at *1 (E.D. La. Jan. 21, 2021) (quoting *United States v. Hall*, 653 F.3d 1002, 1005 (5th Cir. 1981)).  "Evidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence ... and the fact is of consequence in determining the action.'" *Id.* (quoting Fed. R. Evid. 401).  "Implicit in that definition are two distinct requirements: (1) The evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *Hall*, 653 F.2d at 1005 (citing MCCORMICK ON EVIDENCE § 185, at 435 (2d ed. 1972); 1 WEINSTEIN'S EVIDENCE ¶ 401(03), at 401-13 (1980); and 22 WRIGHT & GRAHAM, FEDERAL PRACTICE AND PROCEDURE:

---

[25] *Id.* at 3-4.
[26] *Id.* at 10.
[27] R. Doc. 108 at 5.
[28] *Id.*
[29] *Id.* at 6.

EVIDENCE § 5162, at 18 (1978)). "Whether a fact is of consequence is a question governed by the substantive law applicable to the case." *Jones*, 2021 WL 217282, at *1 (citing *Hall*, 653 F.2d at 1005). "For a fact to be 'of consequence,' under the substantive law of the case, the 'proposition to be proved must be ... probative of a matter that is in issue.'" *Lewis v. La. State Univ.*, 2021 WL 4497487, at *3 (M.D. La. Sept. 30, 2021) (quoting *Hall*, 653 F.2d at 1005).

Under Rule 403, "[a] trial court 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *United States v. Okulaja*, 21 F.4th 338, 346 (5th Cir. 2021) (quoting Fed. R. Evid. 403). "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir.1993) (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.1979)) (emphasis omitted). When the evidence has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one," the evidence is unfairly prejudicial. Fed. R. Evid. 403 advisory committee's notes to 1972 proposed rules; *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."). "Some 'hallmarks of highly prejudicial evidence' include 'violent acts,' acts 'greater in magnitude' than the charged crimes, and acts that 'occupy more of the jury's time than the evidence of the charged offenses.'" *United States v. Yi*, 460 F.3d 623, 633 (5th Cir. 2006) (quoting *United States v. Hernandez-Guevara*, 162 F.3d 863, 872 (5th Cir. 1998)).

"'Rule 403's major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *United States v. Sims*, 11 F.4th 315, 323 (5th Cir. 2021) (quoting *Baker v. Canadian Nat'l/Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008)), *cert. denied*, 142 S. Ct. 827 (2022). "Because Rule 403 'is an extraordinary measure that permits a trial court to exclude concededly probative evidence it should be used sparingly.'" *Jones*, 2021 WL 217282, at *1 (quoting *Shepherd v. Dall. Cnty.*, 591 F.3d 445, 456-57 (5th Cir. 2009)) (alterations omitted). The trial court is "'afforded wide discretion in assessing the relevance and prejudicial effect of evidence.'" *United States v. Alaniz*, 726 F.3d 586, 606 (5th Cir. 2013) (quoting *United States v. Seale*, 600 F.3d 473, 494 (5th Cir.2010)).

**B. Analysis**

The indictment, in part, charges Schenck with wire fraud and aggravated identity theft. Both crimes involve elements of depriving another of property without authority. To convict Schenck of aggravated identity theft, the Government must show, *inter alia*, that he used a means of identification "'without lawful authority,'" which, in the instance at issue here, would be the use of S.A.'s credit and debit cards without permission.[30] S.A.'s incapacitation, the Government says, is "a 'necessary preliminary' to Schenck's fraud and aggravated identity theft."[31] Further, the Government argues that the fact and timing of his death amount to "intrinsic" evidence[32]

---

[30] R. Doc. 104 at 5 (quoting 18 U.S.C. § 1028A(a)(1)).
[31] R. Doc. 105 at 7.
[32] The Government states that evidence of S.A.'s death is intrinsic to the offenses charged. R. Doc. 104 at 4-5. It explains that "where evidence is 'intrinsic' to the offenses charged, Rule 404(b) does not limit its admissibility." R. Doc. 104 at 5 (citing *United States v. Crawley*, 533 F.3d 349, 354 (5th Cir. 2008)). But Rule 404(b) is not the real issue.

Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). In other words, "other-acts evidence is not admissible to prove a person possessed a particular character or character trait," *United States v. Robert*, 2021 WL 4484983, at *2 (5th Cir. Sept. 30, 2021), or "to show that the defendant 'is by propensity a probable perpetrator of the crime' charged." *United States v. Williams*, 708 F. App'x 826, 829 (5th Cir. 2017) (quoting *Old Chief*, 519 U.S. at 181). "Admissibility [of other-acts evidence] turns, *inter alia*, on whether the evidence is intrinsic or extrinsic." *Robert*, 2021 WL 4484983, at *2 (citing *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010)).

because it (1) "completes the story of several of the crimes with which Schenck is charged";[33] and (2) "constitutes compelling circumstantial evidence regarding whether Berry and Schenck had S.A.'s authorization to use his debit card to make purchases."[34]

In response, Schenck argues that the facts and circumstances of S.A.'s death do not tend to establish any element of the crimes charged.[35] "Indeed," says Schenck, "the Government's theory of the case includes the belief that victims would be incapacitated, but certainly not dead, so as to facilitate the ability of defendants Berry and Schenck to slip away to perpetrate the[ir] scheme on other unsuspecting victims."[36] This formulation of Schenck's argument goes too far. If S.A. had been incapacitated as a result of death induced by Berry and Schenck, his death would certainly establish the element of incapacitation and lack of authority. Hence, the evidence is likely both relevant and intrinsic – which is presumably why the indictment includes a reference to S.A.'s death. But "[e]ven intrinsic evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Barnes*, 803 F.3d 209, 220-21 (5th Cir. 2015). This Court finds that admitting evidence regarding the fact and timing of S.A.'s death is unfairly prejudicial such that the evidence must be excluded. S.A.'s death is not a fact of

---

[] Evidence is intrinsic, and therefore not limited by Rule 404(b), if the "evidence of another act and the crime charged are 'inextricably intertwined,' both are part of a 'single criminal episode,' or the prior act was a 'necessary preliminary' of the crime charged." *Williams*, 708 F. App'x at 829 (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)) (alteration omitted). In addition, "'intrinsic evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place, and to evaluate all of the circumstances under which the defendant acted.'" *Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 967 (5th Cir. 2019) (quoting *Rice*, 607 F.3d at 141) (internal quotations marks and alteration omitted).

[] First, that S.A. died is not evidence of any other crime, wrong, or act Schenck is alleged to have caused. To be sure, both sides agree that neither should be permitted to introduce evidence concerning S.A.'s cause of death. Therefore, Rule 404(b)'s admissibility standard does not control. Second, even if the evidence were admissible under Rule 404(b), it would still need to be weighed for admissibility under Rule 403's balancing test. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). As developed below, the issue posed here hinges on Rule 403, not Rule 404(b).

[33] R. Doc. 105 at 7.
[34] *Id.* at 8.
[35] R. Doc. 104 at 10.
[36] *Id.*

consequence *necessary* to establish aggravated identity theft – or any of the other crimes charged. That S.A. was merely incapacitated as a result of the drugs Berry put in his drink, which allowed Schenck to steal and use his credit and debit cards without authority, is seemingly sufficient to establish the lack-of-authority element of the crime charged. Thus, Schenck's use of S.A.'s debit and credit cards without authority can be demonstrated without reference to or evidence of S.A.'s death. Instead, the lack-of-authority element can be established by (1) Schenck's stipulation that he did not have authority to use S.A.'s credit and debit cards;[37] or (2) Berry's testimony about

---

[37] Schenck represents that he will stipulate to the lack-of-authority elements of the crimes charged, which he says will eliminate the need to introduce evidence regarding the fact and timing of S.A.'s death. R. Doc. 104 at 6-7, 11. Schenck argues that "if a defendant offers to concede or stipulate to the fact for which the evidence is offered, additional evidence [such as the evidence of the fact and timing of S.A.'s death] may have little probative value." *Id.* at 6-7 (citing *Old Chief*, 519 U.S. at 191-92). The Government, however, contends that this Court "should give no weight to Schenck's pre-trial representations about what he intends to contest at trial," and that Schenck "'cannot stipulate away a relevant fact in order to prevent the Government from presenting evidence of that fact.'" R. Doc. 105 at 10 (quoting *United States v. Lipp*, 533 F. App'x 418, 425 (5th Cir. 2013)).

"The admissibility of evidence under Rule 403 when the defendant has offered a stipulation is governed by the Supreme Court's decision in *Old Chief v. United States*, 519 U.S. 172 (1997)." *United States v. Lampley*, 781 F. App'x 282, 285 (5th Cir. 2019). But, as the Fifth Circuit notes, "the precise meaning of *Old Chief* has become unclear." *United States v. Huntsberry*, 956 F.3d 270, 285 n.8 (5th Cir. 2020); *see also Old Chief*, 519 U.S. at 191-92 (observing that the Court's holding in the case "will be the general rule *when proof of convict status* is at issue") (emphasis added). In *Old Chief*, the Supreme Court excluded the defendant's full record of a prior judgment of conviction in a felon-in-possession-of-a-firearm case where the element of the crime charged, namely, that the defendant was previously convicted as a felon, could be "made readily in a defendant's admission and underscored in the court's jury instructions." *Id.* at 190-92. In doing so, the Court observed that its "recognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." *Id.* at 190. "Given these peculiarities of the element of felony-convict status and of admissions and the like when used to prove it," the Court continued, "there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence." *Id.* at 191. Accordingly, the Court held that because the defendant had offered to stipulate to his prior conviction, Rule 403 barred the admission of the defendant's full record of his prior conviction to prove his convict status. *Id.* at 190-92.

This Court fully understands the arguable distinctions between the *Old Chief* stipulation concerning legal status and Schenck's proposal to stipulate to the lack-of-authority elements of the crimes charged here. Nevertheless, because the Rule 403 analysis is the same, if Schenck were to stipulate that the lack-of-authority elements are established, the Court would no longer be compelled to consider whether the prejudicial effect of the evidence concerning the fact and timing of S.A.'s death – merely as evidence of lack of authority – substantially outweighs its probative value. *United States. v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013) (observing that, where evidence is uncontested, its "incremental probative value" is "inconsequential when compared to its prejudice"); *cf. Beechum*, 582 F.2d at 914 (observing that "[i]f the defendant's intent is not contested, then the incremental probative value of the extrinsic offense is inconsequential when compared to its prejudice; therefore, in this circumstance the evidence is uniformly excluded"). It remains to be seen whether the stipulation Schenck submits will be sufficient to carry the weight he proposes to place on it.

8

S.A.'s incapacitation (aside from his death).[38] Permitting evidence that S.A. died sometime before or after Schenck stole and used his credit cards is "of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect," when the indictment fails to charge Schenck with his death. *Sims*, 11 F.4th at 323; *cf. United States v. Wilson*, 135 F.3d 291, 299 (4th Cir. 1998) ("[I]t is hard to fathom anything more prejudicial than the unproved assertion [albeit during the prosecution's closing argument rather than the presentation of evidence] that the accused is also guilty of the uncharged crime of murder while he is on trial for another offense.") (citing *United States v. Bradley*, 5 F.3d 1317, 1321 (9th Cir.1993) (observing that evidence of an uncharged homicide was "highly and unfairly prejudicial")). And here, "'there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.'" *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009) (quoting *Beechum*, 582 F.2d at 915 n.20). To find otherwise would invite the jury to punish Schenck for S.A.'s death – again, a crime for which Schenck is not charged – and would jeopardize Schenck's rights to a fair and impartial trial. *See United States v. McCann*, 613 F.3d 486, 499 (5th Cir. 2010) ("[E]vidence that a defendant engaged in conduct more serious than the charged offense can create substantial unfair prejudice.") (holding that the district court did not err in excluding evidence of a death threat as unfairly prejudicial where the defendant was charged with possessing a firearm). Not even a limiting instruction could protect against such dangerous prejudice.[39]

---

[38] The Court's disposition of the motion turns on this determination – namely, that the Government will be able to prove the lack-of-authority elements of the crimes charged in one or the other of these alternative ways. If that determination is later placed in doubt, the Court will be required to revisit its decision.

[39] The Court, however, reserves the right to take a different approach at trial. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

### IV.   CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the Schenck's motion *in limine* is GRANTED.

IT IS FURTHER ORDERED that any and all evidence of or reference to the death of S.A. shall be excluded from trial, except to the extent the Court intends to read the unamended indictment to the jury, as is its practice during preliminary instructions.

New Orleans, Louisiana, this 1st day of April, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE